PORTER v. MITCHELL.

(Fourth Division. Fairbanks. February 10, 1911.)

No. 1504.

1. ARREST (§ 40*)—IN CIVIL ACTIONS—JURY TRIAL.

Where a defendant is arrested in a civil action for any of the fraudulent acts stated in section 99 of the Alaska Code of Civil Procedure, the court or judge, rather than the trial jury, should pass upon the allegations contained in the affidavit for arrest in a civil action, when the cause of arrest and the cause of action contained in the complaint are not the same, but, when they are the same, the jury passes upon the issues of the trial.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 94; Dec. Dig. § 40.*]

2. CONSTITUTIONAL LAW (§ 313*)—JURY TRIAL—DUE PROCESS OF LAW.

"Due process of law" is the law in its usual course of administration through courts of justice. What was at the time of the adoption of the Constitution of the United States the usual course of administration of courts of justice was grafted into that Constitution under the name of "process of law, or trial," and carries with it the right of trial by jury in all cases in which trial by jury was a part of the usual course of administration through courts of justice at the time the Constitution was adopted. It does not give the right of trial by jury in cases in which it did not exist at that time.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 933; Dec. Dig. § 313.*]

This matter is now before the court on a motion to discharge the defendant from a writ of arrest issued against him in a civil action, upon an affidavit made by the plaintiff upon allegations extrinsic to the cause of action set out in the amended complaint. The facts are sufficiently stated in the opinion.

McGinn & Frame, for plaintiff.
McGowan & Clark, of Fairbanks, for defendant.

OVERFIELD, District Judge. The matter for decision on the motion for an order of this court to discharge the defend-

ant from the writ of arrest is whether the court legally holds the defendant at this time under the writ.

The attorneys for the defendant maintain that the court is without jurisdiction at this time to further hold the defendant for the reasons: First, the original affidavit for the provisional arrest of the defendant is insufficient, and is therefore void rather than voidable; second, the cause of arrest and cause of action as set out in the amended complaint are different, and no issues having been framed to present to the jury the cause of arrest, and a judgment having been entered on the cause of action contained in the amended complaint, the defendant is entitled to be discharged; third, the defendant is entitled to be discharged for the reason that, though provisionally arrested under the cause of action set out in the original complaint, he cannot now be held under the cause of action set out in the amended complaint, regardless of the fact that the issues raised in the affidavit for the writ of arrest were not tried before a jury.

To the first point presented, it is sufficient to say that the matter of the sufficiency of the affidavit for arrest was passed upon when the first motion to discharge the defendant upon the writ of arrest came before the court.

The second objection raises the important question to be decided under the motion to discharge the defendant from arrest. It may be here stated that a casual investigation of the subject-matter of arrest in civil actions has given rise to the statement that such an arrest is in derogation to modern law and constitutional provisions, in that a person cannot be imprisoned for debt. Such, in fact, is the law, in the absence of fraud. But the theory, I am convinced, that underlies the provision of our statute which provides for a provisional arrest in a civil action is not imprisonment for debt, but to prevent, in the words of section 99, c. 12, p. 164, Alaska Code, in certain actions therein specified, a defendant who fails to submit his property to his just debts and liabilities. If a defendant has been so unfortunate as to become involved financially, through no fraudulent act on his part, and cannot pay his just debts, he is protected from imprisonment under the

Constitution of the United States and the Alaska Code. The underlying principle not to be lost sight of is that no man, in law or reason, is asked or required to do an impossible act. It, however, appeared to Congress, when providing a Civil .Code for Alaska, that provision should be made to protect the rights of the inhabitants of this territory from inequitable and unjust actions of men, when attempting to evade the payment of their just debts and liabilities, by failure to submit to such debts and liabilities their property situate within the territory of Alaska.

Thus, in the following actions only, and for the following reasons only, a man may be arrested in a civil action in the territory of Alaska (section 99, c. 12, p. 164):

"No person shall be arrested in any civil action at law except as. provided in this section. The defendant may be arrested in the following cases:

"First. In an action for the recovery of money or damages when the defendant is about to remove from the district with intent to defraud his creditors, or when the action is for an injury to persons, or for willfully injuring or wrongfully taking, detaining, or converting property.

"Second. In an action for a fine or penalty, or for money, or for property embezzled or fraudulently misapplied or converted to his own use by a public officer, or by an attorney, or by an officer or agent of a corporation in the course of his employment as such, or by any factor, agent, broker, or other person in a fiduciary capacity, or for any misconduct or neglect in office or in a professional employment.

"Third. In an action to recover the possession of personal property unjustly detained, when the property or any part thereof has been concealed, removed, or disposed of, so that it cannot be found or taken by the marshal, and with intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefits thereof.

"Fourth. When the defendant has been guilty of a fraud in contracting a debt, or incurring the obligation for which the action is brought, or in concealing or disposing of the property for the taking, detention or conversion of which the action is brought.

"Fifth. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

It will be seen, from a careful reading of these provisions of the Alaska Civil Code, that a person who does not commit an act with reference to his property, which in effect works a

fraud upon his creditors, cannot be arrested under the sections, supra, providing for arrests in a civil action.

Starting out with the above as the corner stone, or reasons for such an arrest as have been made in this action, we pass to the essence of the second objection, the mode to present the issues for judicial determination. Is it "due process of law" to hold the defendant under the writ of arrest issued in connection with a cause of action contained in the original complaint filed in this action, without submitting the matter to a trial by jury?

California holds in the negative, and a procedure has accordingly been there adopted conformable to the decisions; that is to say, in a civil action, where a defendant has been provisionally arrested, if the cause of action be not contained in the cause of arrest, the issues raised in the affidavit for the writ of arrest must be framed and presented for trial before a jury with the cause of action set forth in the complaint, or in the event the arrest be made subsequent to the judgment, and the issues raised in the affidavit for the writ of arrest be not contained in the complaint, then a supplemental pleading is framed and tried before another jury.

In Oregon this practice does not seem to obtain, and issues raised by the affidavit for arrest, when not the same as the cause of action alleged in the complaint, are passed upon by the court or judge, whether the arrest be made before or after judgment in the action. Such a proceeding is contemplated by the provisions of our Code, §§ 121, 122, c. 12, p. 169:

"Sec. 121. A defendant arrested may, at any time before judgment, apply on motion to the court or judge thereof in which the action is pending upon notice to the plaintiff to vacate the writ of arrest.

"Sec. 122. If a motion be made upon affidavits or other proofs on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs in addition to those upon which the writ was issued. If upon the hearing of such motion it shall satisfactorily appear that there was not sufficient cause to allow the writ, or that there is other good cause which would entitle him to be discharged on habeas corpus the same shall be vacated, or in case he has given bail the court may discharge the same or reduce the amount thereof on good cause shown."

It will be noted that these sections are confined to an arrest made before judgment rendered in an action, while section

269, c. 31, p. 201, applies when an arrest is made after judgment (subsection 4):

"A defendant arrested on execution, who has not been arrested provisionally, may at any time be discharged from such arrest for the causes and in the manner provided in sections one hundred and twenty-one and one hundred and twenty-two for the discharge of a defendant who has been provisionally arrested."

It will thus be seen that special provisions have been made surrounding and protecting the rights of a defendant arrested in civil action, for an immediate hearing. The affidavit for arrest is first presented to the court or judge for judicial determination, when application is made for the writ of arrest, not only as to the form of the affidavit and the nature of the cause of action set out in the complaint, but also as to the sufficiency of the facts alleged in the affidavit, to warrant the defendant's arrest. The whole matter is again presented when the motion to discharge from arrest is presented and argued to the court on affidavit.

But, granting all that has been said in view of the provisions of the statutes set out above, it is argued by the attorneys for the defendant that there yet remains the constitutional ground of objection that such a proceeding is not admitted as "due process of law." That is, the question still remains: Has the defendant a right, in addition to the above provisions of the Code, to have the issues raised in the affidavit for writ of arrest to be tried before a jury with the cause of action (or on supplemental pleadings when judgment has been entered before the arrest), when the cause of action and the cause of arrest are not the same? Admittedly, when the cause of arrest is the same as the cause of action, the jury passes upon the issues of the trial. What, then, is "due process of law"? Can it be successfully contended that it means trial by jury in all civil matters, or does it mean that a man arrested and imprisoned on an affidavit for a writ of arrest shall be kept under arrest or bail until discharged by law? Is it "due process of law" as is meant by article 5 of the amendments to the Constitution of the United States, providing:

"That no person shall be deprived of life, liberty or property without due process of law?"

Or article 7 of the amendments to the Constitution of the United States, which provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

"At the outset it may be said that 'due process of law' is the law in its usual course of administration through courts of justice." 2 Story's Constitutional Law, pars. 1941, 1952.

"It means that each particular case has such a exercise of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the preservation of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." Cooley's Constitutional Limitations, p. 355.

"If it be found that like proceedings have always been recognized as constitutional in England and in this country, and if the person who is subjected to them is accorded every reasonable opportunity to defend his individual rights, which the nature of the case will admit, the case being one in which the end sought to be attained is lawful, a statute cannot be said to deprive the party of the benefits of due process of law." Judge Cooley in Ex parte Ah Fook, 49 Cal. 406.

"Due process of law" carries with it the right of trial by jury, when trial by jury has been the usual course of administration in the particular class of actions, through courts of justice, to which the one in question belongs. What was at the time of the adoption of the Constitution of the United States the usual course of administration of courts of justice was grafted into that Constitution under the name of "process of law, or trial," and carries with it the right of trial by jury in all cases in which trial by jury was a part of the usual course of administration through the courts of justice at the time the Constitution was adopted.

It does not give the right of trial by jury in cases in which it did not exist at that time. It does not give it in the large field of equitable and admiralty jurisdiction. Nor does it take away from the court the power to punish contempts summarily, without the aid of a jury, as it existed at the time of the adoption of the Constitution. Nor does it change the proceedings in chancery existing at the time of the adoption of the Constitution. If the debtor was ordered to deliver goods or property, and refused to do so, he was adjudged guilty of contumacy and was, in the aid of and to enforce

the order of the court, subject to arrest and imprisonment until he paid the order, not as a punishment for guilt or crime, but as a means within the power of the court to compel obedience to its decrees.  The order likewise was never made except when the debtor was found to have property, and the court found it within his power to obey the order.

As the right to compel the production and delivery of property or money, not exempt from execution, found in the control or ownership of the debtor at the time of the execution levied, by arrest and imprisonment, existed at the time of the adoption of the Constitution, so it now exists in the proceedings in this case.  It is now, and was then, a method of coercion adopted against a debtor who willfully disobeys the orders of the court.  It is no greater and no less, and the same "due process of law" guaranteed by the Constitution.  When the property or money is delivered in obedience to the order of the court, or the court is satisfied that the defendant is unable to obey the order to deliver, it will be its duty to order his discharge.

The question then remaining, raised by the argument and set forth in the brief of the attorneys for the defendant, is: Which is the better policy or proceeding for the court of Alaska to follow or adopt, that of the state of California, supra, or that apparently enforced in the state of Oregon?  Admitting that the district court in Alaska is at liberty to adopt proper proceedings to carry into effect the provisions of the Alaska Codes, as is provided in section 723, c. 71, p. 293, when a proper mode is not provided:

"When jurisdiction is by any law of the United States conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specially pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

And admitting that there is a hiatus with reference to the subject-matter of the Alaska Code, in that the procedure is not provided after the defendant has been provisionally arrested in a civil action, until execution issues against the property or person of the defendant, and further that the deci-

sions of the court of last resort in Oregon are not clear as to the procedure, yet there does remain by implication the procedure as set out above, and evidently intended by Congress when providing Alaska with a civil code.

I am of opinion that it is a proper procedure in the territory of Alaska, under prevailing conditions; that the court or judge, rather than the trial jury, should pass upon the allegations contained in the affidavit for arrest in a civil action, when the cause of arrest and the cause of action contained in the complaint are not the same.

Passing, then, to the merits of the motion to discharge the defendant from arrest, for the reason that the court, impliedly at least, at the time that the former motion to discharge the defendant from arrest was argued, reserved final decision until the time of the trial of the action, we find the defendant provisionally arrested, and a judgment entered against him in a civil action in the sum of $1,800.

Under the issues raised in the amended pleadings, the jury found the defendant agreed to resell the wood originally cut and sold by him to Sandstrom, Gaidos & Co., and pay the plaintiff at the rate of $4.50 per cord for the wood hauled by him for the copartnership.

The plaintiff's testimony was to the effect that he was on the creeks in the vicinity of the wood some time after the hauling of the wood for the copartnership, and knew the firm to be in an embarrassed financial condition; and while contemplating filing a suit and attaching the wood, and thereby securing a lien to reimburse himself for the hauling of the wood, he met the defendant, and they entered into an oral agreement, under the terms of which plaintiff agreed to refrain from bringing an action against Sandstrom, Gaidos & Co., that the defendant should obtain from the copartnership a bill of sale for the wood, and resell the same to other miners on the creeks, and pay, first, to the plaintiff $4.50 per cord for the amount of wood he had hauled for the copartnership, and keep the remainder so received to reimburse himself for the original price of the wood. The evidence shows that, at the time this agreement was entered into, the market price of

wood delivered upon the creeks and vicinity was from $6.50 to $8.50 per cord. Such bill of sale was obtained by the defendant from Sandstrom, Gaidos & Co. upon March 15, 1910, purporting to convey to the defendant 600 cords of wood. Further evidence disclosed that 100 cords, more or less, of the original amount had, at that time, been consumed by the copartnership.

The defendant, a native of Greece, a man mature in years and of average intelligence, though speaking our language brokenly, later sold the wood to third parties, evidenced by bill of sale dated June 9, 1910, admittedly for $1,800, which bill of sale was not placed of record until June 16, 1910. On the latter date the defendant purchased a ticket for Seattle, at the Chena office, some seven miles from the town of Fairbanks, or on board a steamer at that place, and started down the Tanana river on the voyage which was to ultimately end in his native land, according to his own statement. On the 17th of June, 1910, a warrant of arrest issued at Fairbanks, and the defendant was apprehended by the deputy marshal at Nulato on the Yukon river, some 700 miles from Fairbanks. When accosted by the officer on board the steamer at Nulato, the defendant denied his name to be Alex. Mitchell. When finally admitting, after some delay, that he was the person sought, his excuse for assuming another and different name from that of Alex. Mitchell was that he did it for fun, and that Alex. Mitchell was merely an adopted name given him by the miners of the district, instead of his Greek name, which was difficult to pronounce.

That the defendant anticipated some trouble with reference to the resale of the wood, there can be no question, and that he undoubtedly took more than ordinary care and precaution that his absence and voyage from Fairbanks and vicinity should not be known is self-evident from the testimony given at the trial. While I have no doubt that the defendant, having adopted an assumed name, when apprehended by the officer at Nulato, a distance of some 700 miles from Fairbanks, while on board a steamer en route to Seattle, and the further fact that he is of foreign nativity, had no little weight in the jury's ver-

dict in the action, yet the fact remains, so far as this motion is concerned, that the defendant owes the plaintiff the sum of $1,800, and that the defendant admittedly received $1,800 in cash for the wood in question, and now refuses, without excuse of any kind or description, to apply it or any part of it to the payment of his debt to the plaintiff.

In other words, there is not an item of evidence of any description before the court at this time entitling the defendant to be discharged, and the motion to discharge the defendant in the action from the writ of arrest is therefore denied, without prejudice to renewal.